# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2010

Lyle W. Cayce
Clerk

No. 09-31214
Summary Calendar

TERRENCE KNIGHT BENOIT,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CV-39

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terrence Knight Benoit, Louisiana prisoner # 489486, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his guilty plea conviction and concurrent two-year sentences on 58 counts of child pornography. Without challenging the bases for the dismissal of his claims, Benoit iterates several of the claims he raised in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2254 petition. He asserts that his guilty plea was involuntary because he was not advised of all of the elements of the crime of possession of child pornography; that under Louisiana law, case law, and sentencing guidelines, his sentences should have been imposed to run concurrently because his offenses were part of a common scheme or plan; that the imposition of concurrent sentences for each of his 58 counts of conviction for child pornography violates the Double Jeopardy Clause; that his sentence is cruel and excessive punishment in violation of the Louisiana constitution; that "Rule 402" recognizes but makes no attempt to set forth the constitutional considerations that impose limits on the admission of relevant evidence that is obtained by illegal searches and seizures; and that police obtained incriminating statements made in violation of his right to counsel.

We may not issue a COA unless Benoit makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To obtain a COA Benoit must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and for issues dismissed on procedural grounds, must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

Benoit has failed to make the requisite showing to warrant a COA. Accordingly, his request for a COA to appeal the denial of his § 2254 petition is denied. *See Slack*, 529 U.S. at 484.

Benoit also argues that the district court erred in denying his motion to recuse. A COA is not required to appeal the denial of a motion for the district court to recuse itself in a habeas proceeding. *See Trevino v. Johnson*, 168 F.3d 173, 176-78 (5th Cir. 1999). Benoit does not challenge the basis of the district court's denial of this motion, that it was untimely. Thus, he has abandoned this issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813

No. 09-31214

F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.  *Yohey v.*

*Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court's judgment denying Benoit's motion to recuse is affirmed.

COA DENIED; JUDGMENT AFFIRMED.